# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. WOOD, Minor.

UNPUBLISHED
March 19, 2015

Nos. 322854; 322916
Branch Circuit Court
Family Division
LC No.  12-004786-NA

Before:  M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Respondents appeal as of right the trial court's order terminating their parental rights to the minor child, AW, pursuant to MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist) and (g) (failure to provide proper care and custody).  We affirm the termination of parental rights with respect to both respondents under § 19b(3)(g).

Respondent-mother and respondent-father contend that the trial court committed clear error in finding that the statutory grounds for termination were established by clear and convincing evidence.  Respondent-father additionally argues that the trial court clearly erred in ruling that termination of his parental rights was in the child's best interests and that the court should have contemplated a guardianship.  Finally, respondent-mother makes an entirely undeveloped and unclear argument that the trial court employed the wrong "standard of proof" and improperly relied on "neglect case review checklists" and evidence that was not legally admissible.

If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child.  MCL 712A.19b(3) and (5); *In re Moss,* 301 Mich App 76, 90; 836 NW2d 182 (2013); *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).  "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); see also MCR 3.977(K).  "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).  In applying the clear error standard in parental termination cases, "regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

-1-

Here, we hold that the trial court properly terminated both respondents' parental rights pursuant to MCL 712A.19b(3)(g), which provides for termination when "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." Because only one statutory ground suffices to support termination, it is unnecessary for us to examine MCL 712A.19b(3)(c)(*i*).

With respect to termination under § 19b(3)(g), the trial court relied primarily on the extensive history of severe controlled-substance abuse engaged in by both respondents and their inability to curtail their drug use and addictions and improve upon their situations during the lengthy two years of protective proceedings. The trial court noted their abysmal failures in regard to drug screenings over the life of the proceedings and the failure to complete or benefit from substance abuse counseling and treatment. We note that twice during the proceedings the child was returned to respondent-mother, only to be placed back into foster care because of positive drug screens. And just a few months before the termination trial, respondent-mother was convicted of a drug offense, landing her in jail for 42 days. The trial court also pointed to respondent-father's significant mental health issues, which led to hospital commitments, and his failure to complete mental health counseling and treatment. The trial court's findings on these matters were all fully supported by the record. The record also reflected issues of domestic abuse by respondent-father, including acts in the presence of the child, a lack of consistent and suitable housing relative to both respondents, respondent-mother's exposure of AW to a registered sex offender, which she minimized, an absence of stable employment as to both respondents, and a general failure to show any significant improvement in these areas during the course of the proceedings. The trial court did not clearly err in finding that § 19b(3)(g) was established by clear and convincing evidence.

With respect to AW's best interests, the trial court stated that, "at this point in time, the [c]ourt does find that the need for permanence, stability, [and] safety weighs in favor of [the] best interest [being] terminati[on] [of] parental rights, because I don't know how much longer we can go on[;] [w]e've already done this for two years." Given the record facts referenced above, the child's need for stability and permanence, and considering the evidence that after removal from the home the child attended therapy for several months to address signs of depression, anxiety, avoidance, anger, dissociation, and post-traumatic-stress disorder, the trial court did not clearly err in ruling that termination of respondent-father's parental rights was in the child's best interests. See *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (best-interest factors to be considered include the respondent's ability to parent and the child's need for permanency, stability, and finality). To the extent that respondent-mother's brief could be construed to encompass a best-interests argument, we likewise hold that the trial court did not clearly err in finding that termination of her rights was in AW's best interests. In regard to respondent-father's argument that the trial court should have contemplated a guardianship, there is no indication in the record that respondent-father sought consideration of a guardianship below, nor that the non-relative caretaker with whom AW was placed would have agreed to such an arrangement. Moreover, a trial court is not required to establish a guardianship in lieu of terminating parental rights if it is not in the child's best interests to do so. MCL 712A.19a(7)(c); *In re COH*, 495 Mich 184, 197; 848 NW2d 107 (2014); *In re TK*, 306 Mich App 698; __ NW2d __ (2014). Under the circumstances presented, the trial court did not err in failing to consider

*sua sponte* a guardianship, as the record lent no support for the conclusion that a guardianship, along with the associated delay in termination, would be in the child's best interests.

Finally, there is no basis to reverse with respect to respondent-mother's undeveloped and unclear argument that the trial court employed the wrong "standard of proof" and improperly relied on "neglect case review checklists" and evidence that was not legally admissible. An appellant cannot simply announce a position or assert error and then leave it up to this Court to rationalize and discover the basis for the claim or to unravel and elaborate the argument. *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998). In the context of analyzing § 19b(3)(g), the trial court referred to a "case review checklist" in noting respondent-mother's positive drug tests, but respondent-mother does not adequately explain why this would be improper or constitute error. Regardless, respondent-mother's own testimony established that she abused drugs, most particularly methamphetamine, and that she used drugs off and on during the proceedings. Said testimony was legally admissible. See MRE 401, 403, and 801(d)(2) (admission by party opponent is not hearsay).[1] There was additional admissible testimony establishing missed and positive drug screens. Furthermore, the trial court employed the correct standards of proof. Lastly, to the extent that respondent-mother is claiming that there was other inadmissible evidence, she simply does not identify the evidence; therefore, the issue is waived. Reversal is unwarranted.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra

---

[1] "The Michigan Rules of Evidence do not apply, other than those with respect to privileges" at a termination hearing that is not part of the initial dispositional hearing or based on a supplemental petition for termination raising new or different circumstances than those leading to the initial adjudication. MCR 3.977(E) (termination at original disposition; requires "legally admissible evidence"),(F) (supplemental petition to terminate based on new or different circumstances; requires "legally admissible evidence"), and (H) (termination of parental rights – other; rules of evidence not applicable except as to privileges; relevant and material evidence may be relied upon). The rules of evidence do apply in regard to a supplemental petition seeking termination "on the basis of one or more circumstances new or different from the offense that led the court to take jurisdiction." MCR 3.977(F).